UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

MALEK HARRISON,

        Plaintiff,

14-CV-1296 (JFB)(AKT)

- Against -

STATE OF NEW YORK,
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE, RONALD RISPOLI,
NASSAU COUNTY DETECTIVE, ANTHONY DICAPRIO,
NASSAU COUNTY DETECTIVE, JEFFREY S. MARSHALL,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, Assistant District Attorney,
THE TJX COMPANIES, INC.,
NILS RENNER, TJX MARMAXX National Taskforce Investigator,
CHRISTINE GRIMAUDO, Marshalls Cashier,
US SECRET SERVICE,
US SECRET SERVICE AGENT, JOSEPH GERBINO,
GEOFFREY PRIME, ATTORNEY,
THE LAW OFFICE OF ELLIOT SCHLISSEL,

        Defendants.

**PLAINTIFF'S AFFIDAVIT/AFFIRMATION IN OPPOSITION TO DEFENDANT'S MOTION**

-------------------------------------------------------------X

STATE OF NEW YORK)
                     SS.
COUNTY OF QUEENS)

MALEK HARRISON, affirms the following under the penalty of perjury:

1. I am the plaintiff in this action, and I respectfully submit this affidavit/affirmation in opposition to the motion dated April 17, 2014, made by Geoffrey Prime.

2. I have personal knowledge of the facts that bear on this motion.

3. The motion should be denied because:

a) It is my contention that a violation of 42 U.S.C. § 1983 does apply to Defendant Prime, because he was acting under color of state law when he acted as a proxy for Nassau County District Attorney's Office under the guise of The Nassau County Assigned Counsel Defender Plan. On February 1st, 2014, I was represented by Nassau County Legal Aid Society and the Court ordered that trial be commenced on February 4th, 2014. On morning of February 4th, 2014, I filed a pro se motion with the Nassau County Clerk of Court's Office seeking a subpoena of Nils Renner, TJX National Task Force Investigator for the Marmaxx Group, a division of the TJX Companies, who had allegedly identified Plaintiff through his "Statement of Nils Renner." When Plaintiff went upstairs to the courtroom, a representative for Nassau County Legal Aid Society advised that they would no longer be able to represent him due to a "conflict of interest involving someone from Marshalls Loss-Prevention Department." The representative went on to advise that Geoffrey Prime would be appointed Plaintiff's new attorney. Upon his appointment, Prime was immediately handed Plaintiff's pro se *Motion For The Issuance Of Subpoenas In Accordance With Article 610-CPL* and Plaintiff asked Prime what "conflict of interest involving someone from Marshalls Loss-Prevention Department", prompted his assignment. Prime claimed not to know the answer to such a relevant question and Plaintiff urged him to investigate whether such conflict could have a bearing on his defense in the case, since it may be revealed that someone, possibly Nils Renner or another Marshalls' employee, may've been implicated in the crime for which he was being charged. An examination of any conflict of interest relative to Marshalls Department Store's Loss-Prevention personnel would necessarily involve criminal activity on the part of such personnel, which required the

2

defense's pursuit and/or investigation into the high probability that any criminal activity committed on the part of Marshalls personnel would directly impact the defense's strategy moving forward. The fact that Prime continuously resisted and even angrily refused to explore either the conflict of interest or Plaintiff's request to subpoena Nils Renner was an indication that Prime was not acting in the best interest of his client. It would appear that Prime was given and accepted this impromptu assignment only to repay and/or curry favors from his former employer, Nassau County District Attorneys Office. Otherwise, no valid excuse exists for his actions and/or inaction in this case.

b) I further assert that Geoffrey Prime's assignment to this case was by calculated design and was choreographed by the Nassau County District Attorney's Office and that such assignment was in violation of the Nassau County Assigned Counsel Defender Plan's Rules And Regulations. Specifically, Rule 11: "Attorney of the Day" Assignments, whereby assignments are made twice per year and not on the day of the assignment. In November, assignments are made for the first 6 months of the upcoming year, which means Prime would've had to be assigned as "Attorney of the Day" for February 4th, 2014, since November, 2013 and instead he was substituted in the place of the true "Attorney of the Day" for the purpose of undermining the Plaintiff's strategy on or about February 4th, 2014. I contend that Mr. Prime was selected for assignment to this case because he was a prominent Black attorney and former Nassau County Assistant District Attorney and because he would, by reason of his racial kinship with a uncooperative Black client/defendant, be most likely to have sway in getting Plaintiff

to discard his strategy and to, instead, opt for a plea agreement that would deny him any future civil redress. Prime's assignment was to use any and every means necessary to dissuade or prevent pursuit of his client's strategy of defending his innocence by demonstrating that Detective Ronald Rispoli manufactured the key piece of the prosecution's identification evidence, namely, the "Statement of Nils Renner." That is precisely what Prime undertook during his time as counsel, often arguing with his client and his client's family members over his outright refusal to incorporate the strategy by subpoenaing Nils Renner. He repeated these same refrains over the course of his assignment, "what if Nils Renner dropped off the face of the earth", and "the District Attorney doesn't need Nils Renner to testify to get a conviction at trial." Why would any attorney, acting in his client's best interest make such statements and/or refuse to implement his client's strategy without good cause? There is only one reason and that is because his assignment was made on behalf of the Nassau County District Attorney's Office, an Office whose interests he was obliged to protect instead of in pursuing his client's best interest or aims.

c) In Prime's singular motion (Affirmation in Support of Defendant's Omnibus Motion), filed June 17, 2013, which prompted Plaintiff's own Motion for Reassignment of Counsel (June 28, 2013), he attempted to directly forestall Plaintiff's strategy of proving that Detective Ronald Rispoli manufactured a key piece of evidence ("Statement of Nils Renner"), without which Plaintiff would not be able to support a claim of police misconduct. This motion came, curiously on the heels of a May 7th, 2013 complaint Plaintiff filed with the Federal Bureau of Investigation (FBI) regarding

this exact piece of evidence and its potential to uncover police misconduct and the cover-up that has ensued. Prime states in his motion "Nils Renners's [*sic*] statement should be discarded in its entirety and not credited by this Court at all." Considering that this key piece of evidence is the only evidence demonstrating how the Plaintiff was initially identified as the perpetrator, there exists no reasonable impetus for his attempt to discard it from the record. It is my assertion that the FBI inquiry reached the Nassau County District Attorney's Office and the DA, likely through ADA Jhounelle Cunningham, reached out to Geoffrey Prime, its proxy, and asked him to do what he could to make the "Statement of Nils Renner" simply go away. So, Geoffrey Prime would have this Court believe that the timeliness and intent of his only motion filed on behalf of the defense, wherein he attempts to bury his agenda of derailing Defendant's strategy to expose a massive cover-up of police misconduct and thereby conceal his own participation in a conspiracy to deny his client's constitutional rights, was justly the actions of a qualified attorney doing what was in the best interest of his client. This untimely omnibus motion was simply a vehicle meant to mask Mr. Prime's hidden agenda to remove the "Statement of Nils Renner" from any consideration by the court and to forestall any desire by the Plaintiff to use it to prove police misconduct. His actions and this conspiracy denote a deeper systematic problem in the criminal justice system that needs to be addressed and corrected. The integrity of a system that millions of Americans rely on to mete out justice consistently depends upon its vetting. By allowing a jury and this Court to review the evidence and to make a determination whether the Nassau County Assigned Counsel Defender Plan has been manipulated

and abused to deny my constitutional rights would go far in guaranteeing renewed confidence the justice system.

d) Adding insult to injury is the fact that no valid instrument ever existed in this case, which would warrant taking the matter to trial. It would seem that any effective assistance of counsel would have known this fact shortly after his February 4th, 2013 assignment, but instead he used the specter of an impending trial to try to convince a fearful client that this impending trial could send him to prison for a very long time, so he should instead accept one of the many plea bargains he conveyed from the Nassau County District Attorney's Office during his nine-month tenure as defense counsel. Prime's removal immediately paved the way for the case's dismissal and not Prime's appointment as his motion denotes in his statement "critically, the complaint admits that the criminal proceeding was dismissed less than nine months after Prime was appointed as plaintiff's defense counsel." It should be noted that once an application for a subpoena of Nils Renner was made, the very next court date was met by a Nassau County District Attorney's Office that abruptly dismissed the case on October 21, 2013. Since the Subpoena of Nils Renner was something I've asked of Geoffrey Prime since February 4th, 2013, the cause and effect relationship of the actual implementation of this request by new counsel, on the record, and the dismissal of the case that immediately followed is demonstrative of its impact. Therefore, the injury suffered by the Plaintiff over the course of the "nine months after Prime was appointed as plaintiff's defense counsel", can be directly attributed to Prime's refusal to implement Plaintiff's strategy and the negligence he has shown to his client's cause and case,

which Plaintiff believes was deliberate and due to the conspiracy to achieve the ends for which he was unlawfully assigned. Prime's action or inaction has thus caused Plaintiff an extended nine-month period of unduly deliberate suffering.

In view of the foregoing, it is respectfully submitted that the motion be denied.

I declare, under the penalty of perjury, that the forgoing is true and correct.

Dated: Rosedale, New York
      May 15, 2014

*Malek Harrison*
Signature, Pro Se Plaintiff

*Malek Harrison*
Name

*242-19 135th Avenue*
Address

*Rosedale, NY 11422*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X
MALEK HARRISON,

                Plaintiff,                              **AFFIRMATION OF SERVICE**

                                                                        14-CV-1296 (JFB)(AKT)

      - Against -

STATE OF NEW YORK,
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE, RONALD RISPOLI,
NASSAU COUNTY DETECTIVE, ANTHONY DICAPRIO,
NASSAU COUNTY DETECTIVE, JEFFREY S. MARSHALL,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, Assistant District Attorney,
THE TJX COMPANIES, INC.,
NILS RENNER, TJX MARMAXX National Taskforce Investigator,
CHRISTINE GRIMAUDO, Marshalls Cashier,
US SECRET SERVICE,
US SECRET SERVICE AGENT, JOSEPH GERBINO,
GEOFFREY PRIME, ATTORNEY,
THE LAW OFFICE OF ELLIOT SCHLISSEL,

                Defendants.
-----------------------------------------------------------------------X

        I, Malek Harrison, declare under the penalty of perjury that I have served a copy of the attached Affidavit/Affirmation in Opposition to the Defendant's Motion upon:

<u>VIA FIRST-CLASS MAIL</u>

L'ABBATE, BALKAN, COLAVITA & CONTINI, LLP
Attorneys for GEOFFREY PRIME
1001 Franklin Avenue
Garden City, New York 11530

US SECRET SERVICE and JOSEPH GERBINO
Office of Government and Public Affairs
245 Murray Drive, Bldg. 410
Washington, DC 20223

McAndrew, Conboy & Prisco
Attorneys for THE TJX COMPANIES, INC., NILS RENNER, and CHRISTINE GRIMAUDO
Attn: Craig M. Dolinger
1860 Walt Whitman Road, Suite 800
Melville, New York 11747

ERIC T. SCHNEIDERMAN
OFFICE OF THE NEW YORK STATE
ATTORNEY GENERAL
Attn: LORI L. PACK, ESQ.
Attorneys for Defendant
THE STATE OF NEW YORK
300 Motor Parkway, Suite 205
Hauppauge, New York 11788

CATALANO, GALLARDO & PETROPOULOS,
LLP. Attorneys for Defendant, THE LAW
OFFICE OF ELLIOT SCHLISSEL,
100 Jericho Quadrangle – Suite 214
Jericho, New York 11753

CARNELL T. FOSKEY
Nassau County Attorney
Attn: Ralph J. Reissman, Esq.
Attorneys for Defendants
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE, RONALD RISPOLI,
NASSAU COUNTY DETECTIVE ANTHONY DICAPRIO,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, ASSISTANT DISTRICT ATTORNEY
One West Street
Mineola, New York 11501

Dated: Rosedale, New York
May 15, 2014

_Malek Harrison_
Signature, Pro Se Plaintiff

_Malek Harrison_
Name

_242-19 135th Avenue_
Address

_Rosedale, NY 11422_

Malek Harrison
242-19 135th Avenue
Rosedale, NY 11422

May 15, 2014

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 15 2014 ★

LONG ISLAND OFFICE

United States District Court
Eastern District of New York
Office of the Clerk
100 Federal Plaza
Central Islip, New York 11722

Re: 14-CV-1296 (JFB)(AKT)

Attn: Cathy Vukovich, Pro Se Writ Clerk

Dear Cathy Vukovich:

Enclosed please find Plaintiff's Affidavit/Affirmation in Opposition to Defendant's Motion and the attached Affirmation of Service sent to all Defendants.

Respectfully Submitted,

*Malek Harrison*
Malek Harrison

CC: Personal Files

RECEIVED

MAY 1 5 2014

EDNY PRO SE OFFICE