UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

MALEK HARRISON,

Plaintiff, 14-CV-01296 (JFB)(AKT)

v.

STATE OF NEW YORK,
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE RONALD RISPOLI,
NASSAU COUNTY DETECTIVE ANTHONY DICAPRIO,
NASSAU COUNTY DETECTIVE JEFFREY S. MARSHALL,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, ASST., DISTRICT ATTORNEY,
THE TJX COMPANIES, INC.,
NILS RENNER, TJX MARMAXX NAT'L TASKFORCE INVESTIGATOR,
CHRISTINE GRIMAUDO, MARSHALL'S CASHIER,
US SECRET SERVICE
US SECRET SERVICE AGENT, JOSEPH GERBINO
GEOFFREY PRIME, ATTORNEY
THE LAW OFFICE OF ELLIOT SCHLISSEL

Defendants.

**PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER WITH CROSS-CLAIMS & AMENDED ANSWER**

------------------------------------------------------------------------X

For his reply to defendants' first answer with cross-claims & amended answer, plaintiff respond as follows:

RESPONSE TO AFFIRMATIVE DEFENSES

1.

Plaintiff deny each and every one of the twenty-three affirmative defenses raised by the defendants.

2.

As to the second affirmative defense, other courts have held that before probable cause is established, an investigating prosecutor performs the role of police officer and is, therefore, not entitled to absolute immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 524 (1985) (attorney general not entitled to

absolute immunity for ordering wiretaps as part of national security investigation since he was not acting in prosecutorial capacity); *Powers v. Coe*, 728 F.2d 97, 103 (2d Cir. 1984) (prosecutor not entitled to absolute immunity "when a prosecutor engages in or authorizes and directs illegal wiretaps" and "the wiretapping is ... investigative in nature..."). Likewise, in it's case against the plaintiff, the Nassau County District Attorney and ADA Jhounelle Cunningham had not established probable cause independent of the "Statement of Nils Renner"— a document they either knew or should have know was the invention of Nassau County Detective Ronald Rispoli. Therefore, when a prosecutor engages in or becomes aware of and/or covers up police misconduct, any potential immunity goes out the window. The fact that this case endured for in excess of 31 months without the benefit of possession of a valid instrument should demonstrate very clearly to this Court that something was afoul. "Struggling to define the boundaries of prosecutorial immunity, the Court held that a prosecutor who advised police officers on Fourth Amendment considerations in an ongoing criminal investigation performed an investigatory rather than a prosecutorial function and was, therefore, not entitled to absolute immunity. Although a prosecutor who suborns perjury at a criminal trial is absolutely immune, a prosecutor who manufactures false evidence does not enjoy absolute immunity. The former performs a prosecutorial function by presenting evidence, while the latter performs a police investigatory function by gathering evidence." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). "On the other hand, prosecutors are not entitled to absolute immunity for actions outside their role as an advocate." *Dory v. Ryan,* 25 F.3d 81, 82 (2d Cir.1994); *Barbera v. Smith,* 836 F.2d 96, 100 (2d Cir.1987). "Thus, when a prosecutor supervises, conducts, or assists in the investigation of a crime, or gives advice as to the existence of probable cause to make a warrantless arrest — that is, when he performs functions normally associated with a police investigation — he loses his absolute protection from liability." *Richards v. City of New York,* No. 97-7990, 1998 WL 567842, at *2 (S.D.N.Y.1998) (citing *Burns,* 500 U.S. at 493, 111 S.Ct. at 1943).

If the plaintiff has sufficient evidence of unconstitutional motive to avoid a civil trial, qualified immunity generally will not benefit a defendant because the constitutional prohibition against intentional discrimination or retaliation has long been clearly established law. When plaintiff recognized that Nils Renner could not have possessed the knowledge to back up the claims made in the aforementioned statement, as attributed to him by Nassau county Detective Defendant Ronald Rispoli, plaintiff began demanding that Nils Renner be subpoenaed to answer specific questions about testimony he could not have known and therefore used in such "sworn statement." Nassau County DA and ADA Jhounelle Cunningham was aware or should have been aware of this through due diligence and deliberately sought to exclude Nils Renner's participation in the criminal proceedings. They went even as far as employing Defendant Geoffrey Prime to ensure that Nils Renner was completely excluded and instead conspired with Defendant Prime, a former Nassau County District Attorney, to act as a proxy, who attempted to ensure a plea agreement, that would ultimately shield Nassau County and its employees from any future civil retribution by the plaintiff. The racial element was introduced when the Nassau County District Attorney's Office conspired to unlawfully appoint an African American attorney, Geoffrey Prime, whom they believed would, because of his race, possess a heightened amount of sway in getting the plaintiff to accept a plea.

With the rise of objective reasonableness as the standard for qualified immunity, the inquiry into the scope of discretion would seem relevant only to whether the official may raise the defense; an official who acts outside the scope of his discretionary authority and who violates the Constitution cannot assert qualified immunity even if his conduct did not violate then clearly established law. *See, e.g.,* Holloman v. Harland, 370 F.3d 1252, 1282-84 (11th Cir. 2004).

3.

As to the third through seventh affirmative defenses, Monell v. Department of Social Services is a precedent-setting case whereby an opinion given by the United States Supreme Court, in which the

Court overrules *Monroe v. Pape* in holding that a local government is a "person" subject to suit under Section 1983 of Title 42 of the United States Code: civil action for deprivation of rights. The action against the servant/employee would be based upon the direct responsibility of the servant/employee for his conduct. The action against the master/employer is based upon the theory of vicarious liability, by which one party can be held liable for the acts of another. Employer/employee relationships are the most common area wherein *respondeat superior* is applied, but the doctrine is also used in the agency relationship. In this relationship, the principal becomes liable for the actions of the agent, even if the principal did not directly commit the act. There are three considerations generally:

- Were the acts committed within the time and space limits of Nassau County?
- Were the offense incidental to, or of the same general nature as, the responsibilities the defendants are authorized to perform?
- Were the agent motivated to any degree to benefit the principal by committing the act?
- The degree to which these are answered in the affirmative dictates the degree to which the doctrine of *respondeat superior* can be applied.

The Court should, for these reasons, find that the plaintiff is justified in seeking to hold the county of Nassau liable for damages for the unlawful acts and/or omissions of its employees, which were violative of his constitutional rights.

4.

As to the eighth through tenth affirmative defenses, defendants are attempting to blame the plaintiff for his own unlawful arrest, for the evidence manufactured and covered up by its own employees and for the lengthy malicious and vindictive prosecution(s) that were only aimed at the defendants' desire to avoid civil damages by obtaining a plea of some sort that would exonerate Nassau County and its employees from any liability. Defendant cannot pinpoint any "negligent conduct of the plaintiff", which could have led to its unlawful conduct.

As to the eleventh through fourteenth affirmative defenses, defendants make the claim that plaintiff failed to comply with the requirements of New York General Municipal Laws § 50-e, h, i & New York State County Law 52. These attempts to either time-bar or exclude plaintiff's complaint through a technicality founded on the premise that the conduct complained of were isolated to a mere instant occurrence are, therefore, without merit as these constitutional violations continued throughout the period of time from the unlawful arrest and prosecution, which could not have been collectively addressed until the case was finally dismissed entirely on October 21, 2013. It should be noted that, up until June 12, 2014, plaintiff still faced another unlawful arrest and malicious prosecution by defendants Nassau County Detective Ronald Rispoli and Nassau County District Attorney's Office, when those charges were finally dismissed. Had the plaintiff occasioned to file a Notice of Claim in the midst of such persecution and thereby given the Defendants any indication that he even contemplated filing a lawsuit in these matters, the evidence of abuse of power, demonstrated herein, would have been more pronounced and the cases may not have ever been permitted to end favorably for plaintiff, nor would evidence favorable to plaintiff have been allowed to come to light. It should be noted that even the judge (Judge O'Brien) in both cases offered an unprecedented resolution on the record in the latter case on June 11, 2014 that the plaintiff accept a 24-hour ACD. He explained to the plaintiff that his acceptance of an ACD, on the eve of Defendant Nassau County District Attorney's own motion to dismiss that case mid-trial, would be dismissed for all intent and purposes within 24 hours. Ironically, the plaintiff declined the offer approximately 24 hours prior to the case's actual dismissal, as members of Nassau County District Attorney's Office eagerly anticipated plaintiff's acquiescence. The entire fiasco associated with these two, knowingly falsified, cases over the course of three (3) long years, from on or about February 16, 2011 to June 12, 2014, cannot be justified and cannot now be overlooked or dismissed for want of a timely Notice of Claim, which would have led to more abuse of

power, if that was at all possible. Such requirement, under these circumstance would/should be deemed unconstitutional. Therefore, the Court should disregard the defendant's request in this regard and deny such request allowing plaintiff his 'day in court.'

6.

With respect to defendant's affirmative defenses sixteen through twenty-one, and with regard to the potential recovery of damages, plaintiff's aforementioned paragraphs 2 and 3, in particular, establishes defendants' liability and such liability would render Nassau County and its employees culpable for related damages due to acts or omissions, whether through negligence or deliberative. Plaintiff avers that his constitutionally protected federal claims are well placed and thus jurisdiction does rest in this Court and plaintiff should be allowed to advance his claims to a jury.

7.

With respect to Defendants' twenty-second through twenty-fifth affirmative defenses, the suggestion that Nassau County District Attorney's Office employees, and/or agents, servants or employees of Nassau County were all acting in the performance of their respective duties and that such duties were performed in good faith, without malice and with reasonable and proper cause in the ordinary course of their duties is purely fantasy. An official who acts outside the scope of his discretionary authority and who violates the Constitution cannot now make the claim that he/she performed their duties in good faith, without malice and with reasonable or probable cause or assert qualified or prosecutorial immunity even if his/her conduct did not violate then clearly established law. *See, e.g.,* Holloman v. Harland, 370 F.3d 1252, 1282-84 (11th Cir. 2004). Particularly when Nassau County Defendants permitted an unlawful warrantless arrest by Defendant Ronald Rispoli, which included manufactured evidence and attempted to cover it up to the point of enlisting a former Assistant District Attorney Defendant Geoffrey Prime as a proxy to help secure a guilty plea and withholding evidence in the form of Nils Renner, who is alleged to have made an identification it knew to be false. The very fact that the defendants carried this case over 31 months without a valid

instrument should leave this Court no doubt that the Defendants violated Plaintiff's constitutional rights and should be made to answer.

According to the National District Attorney Association's *National Prosecution Standards* (3rd Edition), Section 1-1.6 Duty To Respond To Misconduct, a prosecutor is obligated to respond to professional misconduct that has, will, or has the potential to interfere with the proper administration of justice:

> a. Where the prosecutor knows that another person associated with the prosecutor's office has engaged, or intends to engage in professional misconduct that could interfere with the proper administration of justice, the prosecutor should address the matter in accordance with internal office procedures.
>
> b. If the office lacks adequate internal procedures to address allegations of professional misconduct, a prosecutor who learns of the misconduct may, in the first instance, request that the person desist from engaging in the misconduct. If such a request is, or is likely to be, futile or if the misconduct is of a sufficiently serious nature, a prosecutor should report the misconduct to a higher authority within the prosecutor's office.
>
> c. If, despite a prosecutor's best efforts, no action is taken in accordance with the prior procedures to remedy the misconduct, a prosecutor should report the misconduct to appropriate officials outside the prosecutor's office (to the extent permitted by the law and rules of ethical conduct of the state).
>
> d. A prosecutor's failure to report known misconduct may itself constitute a violation of the prosecutor's professional duties.

A prosecutor is the only one in a criminal action who is responsible for the presentation of the truth. Justice is not complete without the truth always being the primary goal in all criminal proceedings. A prosecutor is not a mere advocate and unlike other lawyers, a prosecutor does not represent individuals or entities, but society as a whole. In that capacity, a prosecutor must exercise independent judgment in reaching decisions while taking into account the interest of victims, witnesses, law enforcement officers, suspects, defendants and those members of society who have no direct interest in a particular case, but who are nonetheless affected by its outcome. In its malicious prosecution of a case manufactured by Defendant Ronald Rispoli, knowingly pursuing the conviction of an innocent person for more than 31 months without a valid instrument and 'employing' Defendant Geoffrey Prime to

assume the role of defense counsel, while acting as a proxy of Nassau District Attorney, who's duty it was to obtain any plea bargain that would either eliminate or greatly diminish any possibility of civil retribution for this Plaintiff. Plaintiff is certain that this behavior is contrary to the standards expected by this society and that justice suffers when there exists unscrupulous individuals who are found to be in positions of unchecked power. To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993). The Plaintiff, therefore, asks that the Court rejects Defendant's request of prosecutorial immunity and allow the case to proceed to a jury.

8.

Plaintiff denies each of Defendants' three cross-claims (paragraphs 58-60), independently and collectively, as all non-Nassau County Defendants' culpability must be weighed in light of their respective participation and it should be left to the jury to decide damages due by all with respect to each of these defendant's contribution to plaintiff's suffering as made in the Complaint. Respectively, plaintiff's request for damages as part of his Complaint demonstrates that it is his belief that the greater responsibility rests with Nassau County and its employees, whose participation drove the matter forward, while the participation of the other defendant enabled plaintiff's suffering to be prolonged. Each defendant contributed and such contribution must be weighed against the whole to determine the shared responsibilities as it relates to damages.

Under both federal and state law, a person who is falsely arrested is entitled to compensation for (1) loss of liberty, and (2) physical and/or emotional pain and suffering caused by the false arrest. (Injuries caused by excessive force and malicious prosecution are compensated separately.) Importantly, a person who is falsely arrested is legally entitled to compensation for loss of liberty (to redress denial of free movement and harm to personal dignity), even if he or she does not experience

any additional physical or emotional pain and suffering. See Kerman v. City of New York, 374 F.3d 93,123-126 (2d Cir. 2004); Gardner v. Federated Department Stores, Inc., 907 F.2d 1348, 1353 (2d Cir. 1990). Obviously, a person who suffers more harm, including physical and/or emotional injuries, would be entitled to more compensation than a person who suffers less harm, including only loss of liberty. Nevertheless, "even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours loss of liberty." Kerman, supra, at 125-126.

**WHEREFORE**, Plaintiff, Malek Harrison, prays for the Court's rejection of the demand for dismissal, as made by Defendants County of Nassau, Nassau County Police Department, Nassau county Detective Ronald Rispoli, Nassau county Detective Anthony DiCaprio, Nassau County Detective Jeffrey S. Marshall, Nassau County Office of the District Attorney, and Nassau County Assistant District Attorney Jhounelle Cunningham along with a rejection of these defendants' demand for a judgement on their Cross-Claims. Plaintiff, having fully answered defendant's Answer With Cross-Claims and Defendants' Amended Answer, hereby, also prays that he be awarded such other remedies and judgements as Plaintiff has requested in his complaint and that he be further awarded his costs and disbursements herein in addition to any such other relief as the Court may deem justified.

Dated: Rosedale, New York

June 20, 2014

Malek Harrison

Malek Harrison, Pro Se Plaintiff
242-19 135th Avenue
Rosedale, New York 11422

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

MALEK HARRISON,

Plaintiff,

v.

STATE OF NEW YORK,
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE RONALD RISPOLI,
NASSAU COUNTY DETECTIVE ANTHONY DICAPRIO,
NASSAU COUNTY DETECTIVE JEFFREY S. MARSHALL,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, ASST., DISTRICT ATTORNEY,
THE TJX COMPANIES, INC.,
NILS RENNER, TJX MARMAXX NAT'L TASKFORCE INVESTIGATOR,
CHRISTINE GRIMAUDO, MARSHALL'S CASHIER,
US SECRET SERVICE
US SECRET SERVICE AGENT, JOSEPH GERBINO
GEOFFREY PRIME, ATTORNEY
THE LAW OFFICE OF ELLIOT SCHLISSEL

Defendants.

-----------------------------------------------------------------------X

**CERTIFICATE OF SERVICE**

14-CV-01296 (JFB)(AKT)

I, Malek Harrison, declare under the penalty of purjury that I have served a copy of the attached **PLAINTIFF'S REPLY TO DEFENDANT'S ANSWER WITH CROSS-CLAIMS & AMENDED ANSWER** upon:

VIA FIRST-CLASS MAIL

CARNELL T. FOSKELY, Nassau county Attorney
Attn: Ralph Reissman, Esq.
One West Street
Mineola, New York 11501

Attorney for the Nassau County Defendants

Matthew K. Flanagan, Esq.
Catalano, Gallardo & Petropoulos, LLP
100 Jericho Quadrangle – Suite 326
Jericho, NY 11753

Attorney for Law Firm of Elliot Schlissel

Craig M. Dolinger, Esq.
McAndrew Conboy & Prisco LLP
1860 Walt Whitman Road, Suite 800
Melville, NY 11747

Attorney for TJX, Nils Renner & Christine Grimaudo

Daniel M. Maunz, Esq., Scott E. Kossove, Esq.
L'Abbate, Balkan, Colavita & Contini, LLP
1001 Franklin Ave.
Garden City, NY 11530

Attorneys for Geoffrey Prime

Lori L. Pack
Office of the New York State Attorney General
300 Motor Parkway, Suite 205
Hauppauge, NY 11788

Attorney for the State of New York

US Secret Service
Office of Governmennt an d Public Affairs
245 Murray Drive, Bldg., 410
Washington, DC 20223

Joseph Gerbino, Agent & US Secret Service

Dated: Rosedale, New York

June 20, 2014

Malek Harrison

Malek Harrison, Pro Se Plaintiff
242-19 135th Avenue
Rosedale, New York 11422