UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MALEK HARRISON,

                     Plaintiff,                           14-CV-01296 (JFB)(AKT)

    v.

STATE OF NEW YORK,                                        Return Date: June 21, 2014
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE RONALD RISPOLI,
NASSAU COUNTY DETECTIVE ANTHONY DICAPRIO,
NASSAU COUNTY DETECTIVE JEFFREY S. MARSHALL,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, ASST., DISTRICT ATTORNEY,
THE TJX COMPANIES, INC.,
NILS RENNER, TJX MARMAXX NAT'L TASKFORCE INVESTIGATOR,
CHRISTINE GRIMAUDO, MARSHALL'S CASHIER,
US SECRET SERVICE
US SECRET SERVICE AGENT, JOSEPH GERBINO
GEOFFREY PRIME, ATTORNEY                             **PLAINTIFF'S REPLY TO**
THE LAW OFFICE OF ELLIOT SCHLISSEL                 **DEFENDANT'S REPLY**
                                                                                       **IN FURTHER SUPPORT**
                                                                                       **OF MOTION TO DISMISS**

                     Defendants.

------------------------------------------------------------------X

      For his reply to defendant's reply in further support of motion to dismiss, plaintiff respond as follows:

## RESPONSE TO ARGUMENTS

      Plaintiff deny the two (2) points offered in Defendant Geoffrey Prime's May 30, 2012 submission.

## BACKGROUND

      On Friday February 1, 2013, Plaintiff was represented by Nassau County Legal Aid and the judge ordered that he be made to stand trial on Monday February 4, 2013. On February 4, 2013, however, allegedly due to some, yet to be revealed, conflict of interest, as intimated by Nassau County Legal Aid—that office would be no longer permitted to continue as plaintiff's legal representative and his legal representation would instantly fall to Defendant Geoffrey Prime of the Nassau County

Assigned Defender Plan. The impromptu appointment of Geoffrey Prime, at first glance, appeared innocent, albeit coming under this cloud of a suspicious conflict of interest, which Plaintiff was determined to explore since that conflict was related to someone employed in loss prevention at the store where the crime was perpetrated. It was plausible that this conflict may've been due to the involvement of a Marshalls Department Store employee's involvement in the crime(s) for which plaintiff had been arrested and charged—possibly even Nils Renner, former TJX National Task-force Investigator from Target. This was yet another factor that Defendant Prime refused to investigate that was reasonable for competent defense counsel to thoroughly review after Plaintiff had presented the information to him.

### REPLY TO DEFENDANT'S POINT I & II

The impromptu appointment of Defendant Geoffrey Prime, under this cloud of the admitted conflict of interest, must be thoroughly explored if the Court is to make a determination ruling out Plaintiff's assertion that such appointment violated Rule 11 of the Nassau County Assigned Defender Plan, requiring "Attorney of the Day" assignments to have been scheduled since November 2012. Simply put, the unlawful appointment of Defendant Prime in violation of the above-mentioned Rule exposes an orchestrated scheme to ensure that Prime became Plaintiff's representative in cases Defendant Nassau County District Attorney ("NCDA") knew it would have difficulties prosecuting. Plaintiff demands discovery of the November 2012 schedule for "Attorney of the Day" and avers that Defendant Prime was performing as a state actor when he accepted this unscheduled assignment, which allowed him to act as a proxy for "NCDA." What better assurances exists for the "NCDA" than to have its own 'inside man' operating under the guise of defense counsel to assist in ensuring that Plaintiff's case would exclude the pursuit of Nils Renner—the alleged identifying witness, whom plaintiff had repeatedly revealed to Defendant Prime as the key to dismissing the case against him.

It is, therefore, Plaintiff's contention that Defendant Prime was a 'state actor' in every respect pursuant to § 1983 by the establishment of reasonable evidence to suggest that Defendant Prime was unlawfully placed as defense counsel for the sole purpose of sabotaging the case in favor of the

Defendant "NCDA."

Plaintiff certainly does not expect defendant to agree with his assessment of the facts presented here, but will trust in the unbiased rationale of the Court in determining whether his original complaint and successive responses to defendant's blanket denials gives rise to any credence. If it is found that Defendant Prime was unlawfully placed as "Attorney of the Day", for February 4, 2013, it would affirmatively suggest evidence of collusion between Defendants Prime and the "NCDA", i.e., a conspiracy, or a meeting of the minds, etc. This questionable appointment is an issue that is glaringly absent from any of the arguments or points presented in Defendant's moving papers, as if intentionally avoiding the fact of its existence.

Defendant Prime has tried unsuccessfully to dissuade the Plaintiff from his desire to call Nils Renner, despite the fact that any reasonable person, likewise any competent attorney, would find that Nils Renner could not have written that key identifying statement. A closer look at additional discovery evidence, namely its comparison with Defendant Ronald Rispoli's Police Report, proved that both documents were essentially copy and pasted duplicates of the other. Defendant Prime immediately dismissed Plaintiff's finding as "insignificant" and "common practice for the police in writing witnesses' statements. I would ask that the Court indulge Plaintiff and allow him to present these pieces of evidence to demonstrate just how unreasonable Defendant Prime's position was. Prime, not only refused to call Nils Renner to substantiate the information found in the statement, but he deliberately attempted to mislead the Plaintiff saying "NCDA" "does not need Nils Renner to obtain a conviction at trial." The Court should note that Defendant Prime here referenced a 'trial' that could have never taken place under the circumstances of the lack of a valid instrument—a fact he either knew or should have known.

After several months into Prime's representation and numerous emails and conferences in which Plaintiff 'encouraged' him to take action, Defendant Prime grew tired of Plaintiff's persistence with his unabated desire to include Nils Renner in the trial proceedings and Prime relented, thus making the claim that he had submitted documents to the court requesting the monies to employ a private

investigator to seek out Nils Renner for the proposed trial. A couple of weeks later, when asked about the private investigator's progress in tracking down Nils Renner, he claimed that he was unsuccessful in locating him. Plaintiff does not believe that an application was ever made to the court to authorize funds to pay for a private investigator as relayed by Defendant Geoffrey Prime and that this, too, was yet another smoke screen in his pretend representation. Again, discovery of any application made in this case by Defendant Prime would be documented and therefore available and Plaintiff seeks such discovery. Subsequently, Plaintiff's uncle was able to locate Nils Renner within minutes online using a simple Google search and relayed this information to Defendant Prime. True to form, Defendant Prime vehemently refused to subpoena Nils Renner in an attempt to get to the truth of his alleged identification of the Plaintiff. Ultimately, Plaintiff grew weary of Defendant Prime's active role in attempting to exclude Nils Renner and filed a motion seeking his removal and explained his decision to the judge on the record. A record which will reveal how Defendant Prime fought to remain Plaintiff's counsel eventhough that relationship had remained contentious from the outset and came to an end when Prime attempted to exclude the "Statement of Nils Renner" from the courts consideration through his untimely motion. Why would any attorney seek to remove such a key piece of evidence that would, essentially, exclude the 'smoking gun' that could prove police misconduct? His actions here revealed Defendant Prime's hidden agenda, which was to assist "NCDA" in shielding Defendant Ronald Rispoli and itself from exposing police misconduct and the subsequent cover-up and malicious prosecution. That's a conspiracy, in which Defendant Prime played a key role and that the Defendants all believed would never be revealed and but for Plaintiff's strict attention to details, it would not have been uncovered. If this could happen to the Plaintiff, it could happen to any member of an unwitting public. Such sytematic cancers must be removed and by allowing this case to move forward, the Court's decision will ultimately help to create independent checks and balances that will produce a more reliable and trusted criminal justice system. Further, if one cannot rely on the services of his/her counsel to operate in his/her best interest and for his counsel to not have an agenda of deceit and/or to not possess a conflict of interest and misrepresented loyalties, then the system collapses under its own

weight and is a sham.

Ultimately, the truth became evident—Defendant Prime, like Defendant ADA Jounelle Cunningham and her employer, "NCDA", were all seeking to exclude the only witness, Nils Renner, who's testimony could prove, beyond a reasonable doubt, that Defendant Ronald Rispoli, manufactured evidence that led to the arrest and malicious prosecution of the Plaintiff. Incidentally, Defendant opens his preliminary statement pointing to the case's dismissal "several months    zxzxafter Prime was appointed as counsel," but failed to reveal that Defendant did nothing but to prolong the case and that it was his removal that ultimately paved the way for the case's dismissal, which, coincidently, ended after the approximate adjournment date once a subpoena of Nils Renner was entered on the record. Nor did Defendant Prime point out that no valid instrument existed during his tenure, a fact that any competent attorney would have immediately been able to identify, had he not been working in concert with Defendants "NCDA" and Jhounelle Cunningham in an effort to obtain a plea bargain despite the non-validity of the District Court Information. To state a Section 1983 claim, "a plaintiff must allege (1) that the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) that such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir.1993). The evidence shows that Defendant Prime meets such qualifications, both from the circumstances surrounding his unlawful appointment and his actions or inactions from that day forward, including, but not limited to the inconsistent statements he made regarding the false notion that he obtained a private investigator and other misleading comments regarding .

## PLAINTIFF'S REPLY TO DEFENDANT'S DAMAGES ARGUMENT

In Roundtree v. City of New York, 617 N.Y.S.2d 170, 171 (N.Y. App. 1st Dep't 1994) (mem.), the First Department held that $200,000 was reasonable compensation for approximately 84 hours in custody, or $2381 per hour. In Mercado v. City of New York, 703 N.Y.S.2d 283, 283 (N.Y. App. 2d

Dep't 2000) (mem.), the Second Department affirmed the jury's verdict that $120,000 was reasonable compensation for a false arrest (time in custody not given by court in decision). In Martinez v. Port Authority of New York and New Jersey, 445 F.3d 158, 160-161 (2d Cir. 2006) (per curiam), the Second Circuit affirmed the lower court's ruling that $160,000 was reasonable compensation for approximately 19 hours in custody, or $8421 per hour. In Sylvester v. City of New York, 2006 WL 3230152, at *4 (S.D.N.Y. Nov. 8, 2006), the district court affirmed the jury's verdict that $30,000 was reasonable compensation for "several hours" in custody at precinct (specific time in custody not given by court in decision). In Landow v. Town of Amherst, 853 N.Y.S.2d 760, 761 (N.Y. App. 4th Dep't 2008) (mem.), the Fourth Department affirmed the lower court's ruling that $10,000 was reasonable compensation for approximately 4 hours in custody, or $2500 per hour. So, for the defendant to argue that "Plaintiff does not claim that he was incarcerated during that time or that he was otherwise prejudiced by, at worst, a nominal delay in obtaining a complete dismissal", is a bit presumptive. He agrees, however, that the case continued for thirty-two months, which includes dozens of court appearances that immensely disrupted Plaintiff's life. Plaintiff believes that the number of extended court appearances attributable to Defendant Prime's negligence, conflict of interest, and conspiracy with Defendants ADA Jhounelle Cunningham and "NCDA" from February 4, 2013 to October 21, 2013, is a period for which he should be held accountable. This period, which Defendant Prime only refers to as "a nominal delay in obtaining a complete dismissal", does not diminish its impact on the Plaintiff's life. Nine (9) unwarranted months of emotional turmoil and the fear of a trial compounded the stress caused by counsel's deliberate and calculated negligence and overall malpractice, will have to be weighed against the full scope of damages by the Court.

Under both federal and state law, a person who is falsely arrested is entitled to compensation for (1) loss of liberty, and (2) physical and/or emotional pain and suffering caused by the false arrest. (Injuries caused by excessive force and malicious prosecution are compensated separately.) Importantly, a person who is falsely arrested is legally entitled to compensation for loss of liberty (to redress denial of free movement and harm to personal dignity), even if he or she does not experience

any additional physical or emotional pain and suffering. See Kerman v. City of New York, 374 F.3d 93,123-126 (2d Cir. 2004); Gardner v. Federated Department Stores, Inc., 907 F.2d 1348, 1353 (2d Cir. 1990). Obviously, a person who suffers more harm, including physical and/or emotional injuries, would be entitled to more compensation than a person who suffers less harm, including only loss of liberty. Nevertheless, "even absent such other injuries, an award of several thousand dollars may be appropriate simply for several hours loss of liberty." Kerman, supra, at 125-126.

## CONCLUSION

Lawyers have fiduciary duties to the clients – those duties are created to protect clients. "There is no crueler tyranny than that which is exercised under cover of law, and with the colors of justice ..."- U.S. v. Jannotti, 673 F.2d 578, 614 (3d Cir. 1982). Here, the Court is confronted with a truly unique set of circumstances, circumstances where a layperson would find it seemingly insurmountable to find some legal precedant—whereby a Plaintiff's defense counsel was handpicked by the prosecutor, unlawfully appointed to the assignment, and who worked as a proxy to deny his own client's constitutionally protected rights.

**WHEREFORE**, Plaintiff, Malek Harrison, prays for the Court's rejection of the demand for dismissal, as made by Defendant Geoffrey Prime in his reply in further support of motion to dismiss. Plaintiff, hereby, also prays that he be awarded such other remedies and judgements as Plaintiff has requested in his complaint and that he be further awarded his costs and disbursements herein in addition to any such other relief as the Court may deem justified.

Dated: Rosedale, New York
      June 20, 2014

*Malek Harrison*

Malek Harrison, Pro Se Plaintiff
242-19 135th Avenue
Rosedale, New York 11422

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

MALEK HARRISON,

**CERTIFICATE OF SERVICE**

                Plaintiff,

14-CV-01296 (JFB)(AKT)

v.

STATE OF NEW YORK,
COUNTY OF NASSAU, NASSAU COUNTY POLICE DEPT.,
NASSAU COUNTY DETECTIVE RONALD RISPOLI,
NASSAU COUNTY DETECTIVE ANTHONY DICAPRIO,
NASSAU COUNTY DETECTIVE JEFFREY S. MARSHALL,
NASSAU COUNTY OFFICE OF THE DISTRICT ATTORNEY,
JHOUNELLE CUNNINGHAM, ASST., DISTRICT ATTORNEY,
THE TJX COMPANIES, INC.,
NILS RENNER, TJX MARMAXX NAT'L TASKFORCE INVESTIGATOR,
CHRISTINE GRIMAUDO, MARSHALL'S CASHIER,
US SECRET SERVICE
US SECRET SERVICE AGENT, JOSEPH GERBINO
GEOFFREY PRIME, ATTORNEY
THE LAW OFFICE OF ELLIOT SCHLISSEL

                Defendants.

------------------------------------------------------------------X

    I, Malek Harrison, declare under the penalty of purjury that I have served a copy of the attached **PLAINTIFF'S REPLY TO DEFENDANT'S REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS** upon:

VIA FIRST-CLASS MAIL

| | |
|---|---|
| **CARNELL T. FOSKELY**, Nassau county Attorney<br>Attn: Ralph Reissman, Esq.<br>One West Street<br>Mineola, New York 11501 | Matthew K. Flanagan, Esq.<br>Catalano, Gallardo & Petropoulos, LLP<br>100 Jericho Quadrangle – Suite 326<br>Jericho, NY 11753 |
| Attorney for the Nassau County Defendants | Attorney for Law Firm of Elliot Schlissel |
| Craig M. Dolinger, Esq.<br>McAndrew Conboy & Prisco LLP<br>1860 Walt Whitman Road, Suite 800<br>Melville, NY 11747 | Daniel M. Maunz, Esq., Scott E. Kossove, Esq.<br>L'Abbate, Balkan, Colavita & Contini, LLP<br>1001 Franklin Ave.<br>Garden City, NY 11530 |
| Attorney for TJX, Nils Renner & Christine Grimaudo | Attorneys for Geoffrey Prime |

Lori L. Pack  
Office of the New York State Attorney General  
300 Motor Parkway, Suite 205  
Hauppauge, NY 11788  

Attorney for the State of New York

US Secret Service  
Office of Governmennt an d Public Affairs  
245 Murray Drive, Bldg., 410  
Washington, DC 20223  

Joseph Gerbino, Agent & US Secret Service

Dated: Rosedale, New York

    June 20, 2014

*Malek Harrison*

Malek Harrison, Pro Se Plaintiff  
242-19 135th Avenue  
Rosedale, New York 11422

US District Court, E.D.N.Y.
100 Federal Plaza
Central Islip, NY 11722

Re: 14-CV-01296 (JFB)(AKT)

Dear Clerk Vukovich:

Enclosed Please find 2 separate replies on behalf of the Plaintiff in the above case. Please file them accordingly.

Respectfully,
Malek Harrison

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y
★ JUN 23 2014 ★

LONG ISLAND OFFICE

Malek Harrison
242-19 135th Ave
Rosedale, NY 11422

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  JUN 23 2014  ★

LONG ISLAND OFFICE



$01.12
02 1M
0004283623   JUN 20 2014
MAILED FROM ZIP CODE 11101



United States District Court
Eastern District of New York
Attn: Cathy Vukovich, Pro Se Clerk
100 Federal Plaza
Central Islip, NY 11722