UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

MALEK HARRISON,

    Plaintiff,

         – against –

STATE OF NEW YORK; COUNTY OF
NASSAU; NASSAU COUNTY POLICE
DEPARTMENT; RONALD RISPOLI;
ANTHONY DICAPRIO; JEFFREY S.
MARSHALL; NASSAU COUNTY OFFICE OF
THE DISTRICT ATTORNEY; JHOUNELLE
CUNNINGHAM; THE TJK COMPANIES, INC.;
NILS RENNER; CHRISTINE GRIMAUDO;
UNITED STATES SECRET SERVICE; JOSEPH
GERBINO; GEOFFREY PRIME; and
THE LAW OFFICE OF ELLIOT SCHLISSEL.,

    Defendants.

----------------------------------X

ORDER
14-CV-1296 (JFB)(AKT)

JOSEPH F. BIANCO, District Judge:

Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Tomlinson, recommending that the Court grant the defendants' separate motions to dismiss *pro se* plaintiff's claims, except with respect to the claims against U.S. Secret Service Agent Joseph Gerbino ("Agent Gerbino") in his individual capacity. For the reasons set forth below, having considered the parties' submissions, as well as having reviewed the entire R&R *de novo* (with Agent Gerbino's objections), the Court adopts Magistrate Judge Tomlinson's thorough and well-reasoned R&R in its entirety, and grants *pro se* plaintiff an additional 30 days to serve Agent Gerbino with the summons and complaint.

## I. PROCEDURAL HISTORY

On February 26, 2014, *pro se* plaintiff Malek Harrison filed this complaint under 42 U.S.C. § 1983 alleging violations of his Fourth, Fifth, Sixth, and Fourteenth Amendment rights based on his arrest and prosecution in state court for criminal possession of a forged instrument. The following defendants have moved to dismiss the claims: the State of New York ("the State") on May 19, 2014 (Docket No. 23); the U.S. Secret Service and Agent Gerbino (collectively, "the Federal Defendants") on August 25, 2014 (Docket No. 47); the TJX Companies, Inc., Christine Grimaudo, and Nils Renner (collectively, "the TJX Defendants") on June 9, 2014 (Docket No. 29); Attorney Geoffrey Prime on April 17, 2014 (Docket No. 13); and the Law Office of Elliot Schlissel on May 2, 2014 (Docket No. 14). By Order dated August 29, 2015, the Court referred the motions to dismiss to Magistrate Judge Tomlinson for an R&R.

On February 13, 2015, Magistrate Judge Tomlinson issued an R&R recommending that the Court: (1) grant the State's motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1); (2) grant the Federal Defendants' motion to dismiss plaintiff's claims against the Secret Service and Agent Gerbino in his official capacity under Rule 12(b)(1) for lack of subject matter jurisdiction, but deny their motion to dismiss plaintiff's claims against Agent Gerbino in his individual capacity and grant plaintiff 30 days to effectuate service of the summons and complaint upon Agent Gerbino; (3) grant the TJX Defendants' motion to dismiss under Rule 12(b)(6); (4) grant the Law Office of Elliot Schlissel's motion to dismiss; (5) grant Attorney Prime's motion to dismiss; (6) decline to exercise supplemental jurisdiction over the state law claims against the TJX Defendants, Attorney Prime, and the Law Office of Elliot Schlissel; and (7) deny plaintiff leave to re-plead the dismissed claims.

The R&R further instructed that any objections be submitted within fourteen (14) days of

service of the R&R. (*See* R&R dated February 13, 2015 at 45.) As indicated by the docket sheet, copies of the R&R were mailed to plaintiff by the Federal Defendants, the Law Office of Elliot Schlissel, Attorney Prime, and the TJK Defendants on February 17, 2015 and February 18, 2015. (*See* ECF Nos. 54 -57.) Agent Gerbino submitted his objections to the R&R on February 27, 2015. *Pro se* plaintiff has filed no objections to date, although the date for filing any objections has expired.

## II. STANDARD OF REVIEW

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein without *de novo* review, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-268 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## III. ANALYSIS

### A. The Claims Against Agent Gerbino

Here, Agent Gerbino filed a timely objection to Judge Tomlinson's R&R on February 27, 2015. As a result, the Court will conduct a *de novo* review of the portions of the R&R to which Agent Gerbino objects, namely the portion that grants plaintiff a 30-day extension to properly effectuate service and that declines to consider other Rule 12(b)(6) grounds for dismissal of the claims against Agent Gerbino in his individual capacity. (Agent Gerbino's Objections at 4.)

#### i. *The Relevant Portions of the R&R*

To summarize, the Federal Defendants moved for dismissal of the claims against Agent Gerbino under three theories: first, that the claims against the Secret Service and Agent Gerbino in his official capacity are barred by sovereign immunity; second, that the claim against Agent Gerbino in his individual capacity should be dismissed under Rule 12(b)(5) because *pro se* plaintiff failed to serve Agent Gerbino with the complaint; and, third, that the claims against Agent Gerbino should be dismissed under Rule 12(b)(6) because plaintiff's false arrest claims are time-barred, plaintiff has failed to adequately state a claim of unconstitutional misconduct by Agent Gerbino, and Agent Gerbino is entitled to qualified immunity. (Federal Defs' Mem. Of Law in Support of Motion to Dismiss the [C]omplaint, 5-12.)

In the R&R, Judge Tomlinson recommends that the Court dismiss the claims against the Secret Service and Agent Gerbino in his official capacity under Rule 12(b)(1) for lack of subject matter jurisdiction. However, after reviewing the Federal Defendants' second argument – namely, that the action should be dismissed under Rule 12(b)(5) for lack of service – Judge Tomlinson concludes that "although Plaintiff failed to serve Agent Gerbino or show good cause for lack of

service, he should be granted a discretionary extension to effectuate service upon Agent Gerbino in his individual capacity." (R&R at 17.) Accordingly, Judge Tomlinson recommends that the Court deny the motion to dismiss the claims against Agent Gerbino in his individual capacity and grant plaintiff an additional 30 days within which to serve the summons and complaint upon Agent Gerbino. (*Id.*) As the question of proper service is a jurisdictional matter, Judge Tomlinson notes that the Court "should first address the preliminary questions of service and personal jurisdiction before turning, if necessary to the defendants' Rule 12(b)(6) arguments." (R&R at 20 (quotation marks and citation omitted).) As a result, the R&R does not address the Federal Defendants' additional arguments for dismissal of the claims against Agent Gerbino under Rule 12(b)(6).

### ii. *Agent Gerbino's Objections*

Agent Gerbino first objects to Judge Tomlinson's recommendation that the Court provide *pro se* plaintiff with additional time to effectuate service. Agent Gerbino argues that granting a 30-day extension "contravenes this Court's order on March 5, 2014, directing [p]laintiff to serve the [c]omplaint on the [d]efendants on or before June 26, 2014" (Agent Gerbino's Objections at 4), and that the four factors outlined in *Purzak v. Long Island House Servs., Inc.* do not weigh in favor of granting the plaintiff an extension absent a showing of good cause. No. 12-CV-1747, 2013 WL 5202711, at *5 (E.D.N.Y. Sept. 13, 2013). After reviewing Judge Tomlinson's recommendations, the Court agrees with her finding that "the [*Purzak*] factors militate against dismissal of the Complaint and weigh in favor of granting Plaintiff – a *pro se* litigant – a final opportunity to effectuate proper service on Agent Gerbino." (R&R at 24-25.) As Magistrate Judge Tomlinson notes, in analyzing the factors, there is no prejudice to Agent Gerbino to allowing re-service. If plaintiff re-serves, Agent Gerbino can simply re-file his same Rule 12(b)(6) motion and the Court will address it expeditiously once plaintiff is given an opportunity to respond, including providing

any possible basis for equitable tolling.

Agent Gerbino also objects to the fact that Judge Tomlinson did not consider the Federal Defendants additional arguments for dismissal under Ruler 12(b)(6). After *de novo* review and thorough consideration of Agent Gerbino's objections, the Court once again agrees with Judge Tomlinson's analysis. It is well established that "where a defendant moves for dismissal under Rules ... 12(b)(5) and 12(b)(6) 'logic compel[s] initial consideration of the issue of jurisdiction over the defendant – a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim.'" *Hertzner v. U.S. Postal Service*, No. 05-cv-2371 (DRH) (ARL), 2007 WL 869575, at *3 (E.D.N.Y. March 20, 2007) (quoting *Arrowsmith v. United Press International*, 320 F.2d 219, 221 (2d Cir. 1963)). Furthermore, when a plaintiff "fail[s] to meet [his] burden that the Court has jurisdiction over the Moving Defendants ... the Court 'lacks power to dismiss [the C]omplaint for failure to state a claim.'" *Hertzner*, 2007 WL 869575, at *8 (quoting *Arrowsmith*, 320 F.2d at 221). As a result, it is entirely proper for the Court to decline to address the Rule 12(b)(6) motions until the issue of service of process is resolved.

As a result, reviewing the R&R *de novo* and fully considering Agent Gerbino's objections, the Court agrees with Magistrate Judge Tomlinson's recommendation that the Federal Defendants' motion to dismiss the claims against Agent Gerbino in his individual capacity be denied and that the *pro se* plaintiff be extended an additional thirty days to serve Agent Gerbino with a copy of the summons and complaint. If *pro se* plaintiff properly effectuates service within this time frame, then Agent Gerbino may renew his motion for dismissal under Rule 12(b)(6).

### B. Remaining Claims

Although *pro se* plaintiff has not objected to the R&R, and thus *de novo* review is not required,

the Court has conducted a *de novo* review of the R&R in an abundance of caution. After reviewing the full record and the applicable law *de novo*, the Court also adopts Judge Tomlinson's report and recommendations relating to the motions to dismiss brought by the State, the Federal Defendants, the TJX defendants, Attorney Prime, and the Law Office of Elliot Schlissel.

### C. Leave to Re-Plead

In this case, *pro se* plaintiff has not requested leave to amend his complaint. However, Judge Tomlinson did address this issue in the R&R, and has recommended that leave to re-plead be denied. The Second Circuit has emphasized that "[a] *pro se* complaint is to be read liberally" and that a "court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotations and citations omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). However, leave to re-plead can be denied where it is clear that no amendments can cure the pleading deficiencies and any attempt to replead would be futile. *See Cuoco*, 222 F.3d at 112 ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *see also Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) (holding that if a plaintiff cannot demonstrate he is able to amend his complaint "in a manner which would survive dismissal, opportunity to replead is rightfully denied").

As Judge Tomlinson points out, leave to amend is often futile when a claim is dismissed based on certain substantive grounds, including sovereign immunity (*see Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F. Supp. 2d 261, 275 (E.D.N.Y. 2013); *Temple v. N.Y.S. Dep't of Taxation*

*& Fin.*, No. 11-CV-5664, 2012 WL 5378305, at *9 (E.D.N.Y. Nov. 2, 2012)), the expiration of the statute of limitations (*see Apostolidis v. JP Morgan Chase & Co.*, No. 11-CV-5664, 2012 WL 5378305, at * 9 (E.D.N.Y. Nov. 2, 2012)), or the lack of state action requisite for a Section 1983 claim (*see Peterec–Tolino v. New York*, 364 F. App'x 708, 711 (2d Cir. 2010) (affirming district court's *sua sponte* dismissal of § 1983 claims without leave to amend because, *inter alia*, certain defendants were not state actors and "[a]ny amendment would be futile"); *Shorter v. Price*, No. 12-CV-0111 (JFB)(ETB), 2012 WL 1340088, at *5 (E.D.N.Y. Apr. 10, 2012) (denying leave to amend because "plaintiff does not have any possibility of asserting a plausible Section 1983 claim . . . because of the lack of state action as to the defendant"); *Wilson v. Wilson–Poison*, No. 09 Civ. 9810(PGG), 2010 WL 3733935, at *10 (S.D.N.Y. Sept.23, 2010) (leave to amend unwarranted because, *inter alia*, plaintiff could not allege state action under Section 1983); *Contes v. City of New York*, No. 99 Civ. 1597(SAS), 1999 WL 500140, at *11 (S.D.N.Y. July 14, 1999) ("It would be futile to grant leave to replead in this case. Without state action, which is lacking here, [plaintiff] cannot prevail on a claim pursuant to § 1983."). In this case, the claims against the State, the Secret Service, and Agent Gerbino in his official capacity were dismissed on sovereign immunity grounds; the claims against the TJX Defendants were dismissed as time-barred; and the claims against Attorney Prime and the Law Office of Elliot Schlissel were dismissed for failure to show state action. As a result, Judge Tomlinson recommends dismissal of all of the federal claims, with the exception of the claims against Agent Gerbino in his individual capacity, without leave to re-plead. The Court agrees with Judge Tomlinson and finds that any attempt to amend the complaint in this case would be futile, and as a result, dismissal without leave to re-plead is appropriate.

## IV. CONCLUSION

Having conducted a *de novo* review of Judge Tomlinson's findings, and having considered Agent Gerbino's objections, the Court adopts the analysis and recommendations in the thorough and well-reasoned R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that: (1) the motion to dismiss brought by the State is GRANTED and plaintiff's claims against the State are dismissed with prejudice; (2) the motion to dismiss by the Federal Defendants is (a) GRANTED with respect to plaintiff's claims against the Secret Service and Agent Gerbino in his official capacity and those claims are dismissed with prejudice, and (b) DENIED with respect to plaintiff's claims against Agent Gerbino in his individual capacity, and that plaintiff is granted 30 days to serve the summons and complaint upon Agent Gerbino; (3) the motion to dismiss by the TJX Defendants is GRANTED and the plaintiff's federal claims against the TJX Defendants are dismissed with prejudice; (4) the motion to dismiss by Attorney Prime is GRANTED and plaintiff's federal claims against him are dismissed with prejudice; (5) the motion to dismiss by the Law Office of Elliot Schlissel is GRANTED and plaintiff's federal claims against that firm are dismissed with prejudice; and (6) plaintiff's state law claims against the TJX Defendants, Attorney Prime, and the Law Office of Elliot Schlissel are dismissed without prejudice.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2015
Central Islip, New York