FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 19 2019 ★

LONG ISLAND OFFICE

Malek Harrison
242-19 135th Avenue
Rosedale, NY 11422
June 18, 2019

(516) 467-7666

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re: 14-cv-1296

RECEIVED
JUN 19 2019
EDNY PRO SE OFFICE

Dear Hon. Judge Hall,

I am the Plaintiff, Malek Harrison, in the above-docket, which I must point out is inextricably linked to another identical case, Malek Harrison v. County of Nassau, et. al., (15-cv-2712), which is currently before the 2nd Circuit Court of Appeals (18-cv-3349). To truly understand how this case came to sit dormant since 10/2/17, as Magistrate Tomlinson has referred to in her June 3, 2019 Order, we find it necessary that the, newly-assigned, District Judge be brought fully up to date with the history of both cases and the extrajudicial activity on the part of the Defendants that has led directly to the delays, in this, the initial case giving rise to my original complaint of February 26, 2014. Plaintiff's Appellate Brief (18-cv-3349), fully explains and demonstrates in the Appendix, thereof, that Nassau Detective Ronald Rispoli, on 2/13/11, made a Request for DMV Photo Image, using my DMV client identification #793 689 053 (Exh. A), even prior to obtaining my name via the alleged complaining instrument, i.e., Statement of Nils Renner, 2/15/11 (Exh. B). It is

1

altogether impossible for the Detective Rispoli to have Plaintiff's name and drivers license number prior to having 'witnessed' the alleged complaint, unless he forged the complaint after having chosen Malek Harrison as his victim. The forged Nils Renner statement/complaint, written more than a month after the alleged crime, standing alone, gives away the entire hoax, with its claim "I received an anonymous call from a Marshals (sic) employee and *they* stated that *they*recognized the subject as Malek Harrison, a guy that *he* recognized from *his* neighborhood." This alleged "Statement of Nils Renner" goes on further to state "*I* notified Detective Rispoli of the Nassau County Police Dept., Crimes Against Property Squad and gave him the information related to this case. *During an initial investigation by***Detective Rispoli**, the subject was identified as Malek Harrison, with a date of Birth of May 1, 1988. He lives at 225-04 145th Rd, Rosedale, NY 11413." Here the alleged complainant, Nils Renner, purports to write regarding the details of a Nassau County Police detective's investigation, which Defendants want the court to believe was shared with the complaining witness to aid him in the writing of his complaint. This court is being, likewise, led to believe that Nassau County Detective, Ronald Rispoli, shared and verified an alleged subject's name, which he has just been given by Nils Renner, Plaintiff's date of birth and address to a complaining witness for the purpose of writing said complaint. To the best of Plaintiff's knowledge, police may not give out a crime suspects name, date of birth and address to complainants or the employees of alleged victims. Finally, Plaintiff's uncle located Nils Renner and a conversation with Mr. Renner revealed that he was no longer employed by the Marmaxx Group, a division of TJX Companies, Inc., and was not employed, thereby, on the date and time of the alleged crime, nor did he, like the rest of the witnesses named in this forged complaint, Celeste Vasquez (9/25/13), or Maria Colace (9/27/13) had any recollection of the alleged crime. Det. Rispoli's forged complaint appears to have left out two (2) vital witnesses Defendants included later in the hoax: US Secret Service Agent Joseph Gertbino &Cashier, Christine Grimaudo, who, Defendants claimed to be out to lunch for and hour and a half when ADAs Abdenour and Sarowitz went to Marshall's (sic) "*to attempt to refresh Ms. Grimaudo's memory* from the video footage of the incident." Conveniently, the ADAs left Marshalls be fore an interview with Ms. Grimaudo could be had.   See County of Nassau , District Attorney's Office Inter-Departmental Memo (*Appendix Of Appellant Malek Harrison*: **Exh. I**), which goes on to say "*An anonymous tip identified the defendant as the person who used*

*counterfeit bills, but he wanted to remain anonymous for safety reasons.*" Therefore, Defendants are left with an anonymous tipster as the person relied upon for giving Detective Rispoli 'probable cause' to arrest the Plaintiff --an anonymous tipster Det. Rispoli has never spoken to? The memo confirms as much where it states "Nils Renner, the investigator for Marshalls, remembers the incident, but he was not immediately notified about the incident. He became involved *afterthe store identified counterfeit money was used.*" Defendant's attorney, Deputy County Attorney, Ralph J. Reissman, recently revealed the last pivotal witness to be left out of entire scenario, and states in his response to Magistrate Tomlinson's Order, "Defendants' counsel contacted the Secret Service by telephone on June 3, 2019 and was advised in subsequent telephone conferences that while ***Agent Gerbino has no recollection of the transaction at issue***, the Long Island branch will endeavor to locate any relevant files or documents." Contrary to the Nassau County DA's Inter-Departmental Memo stating that "***the store identified counterfeit money was used,***" Detective Rispoli claimed that Secret Service "***Agent Joseph Gerbino determined that the nine $100 bills used by Plaintiff in the Marshall's (sic) store was counterfeit,***" that agent disavows such claims. Additionally, neither the above forged Statement of Nils Renner (2/15/11) nor the aforementioned Inter-Departmental Memo mentions US Secret Service or Agent Gerbino (10/23/13) as having participated in any investigations of this matter, whatsoever.  The US Secret Service angle was only an afterthought once Defendant's hand-picked attorneys, former Assistant District Attorneys Geoffrey Prime and later John Healy, were unable to obtain the plea bargains they were hired to railroad the Plaintiff into for these nonexistent crimes. The Memo goes on to say "Detective Rispoli remembers the incident, but he, like Nils Renner, only has second had (sic) knowledge of the incident." Of course Det. Rispoli remembers an incident he manufactured 'out of thin air' and along with the complaint he'd, obviously, written and forged in the name of Nils Renner, and their, so-called secondhand knowledge of the incident, acknowledged by the Memo, eliminates any possibility or claim of probable cause for an alleged crime where no witness or victim recalls the incident.

    Deputy County Attorney, Reissman states that "on June 12, 2019 defendants' counsel wrote to *United States Secret Service Chief Counsel Donna Cahill **to request***

*her assistance in obtaining an Affidavit suitable to the Court.*" Imagine, despite the fact that Agent Gerbino doesn't recall such transactions, nor does his records, nor does the Long Island branch of the Secret Service, so Dep. County Attorney Reissman decides to approach the Secret Service's Chief Counsel in Washington, DC, to try to obtain cover for fake-crimes that never occurred. In other words, the Agent they claimed was involved said, like everyone else, he has no recollection of the incident, which has strengthened my argument that the crimes at Marshalls, and Target, for that matter, never occurred! Now, Reissman and Rep. Kathleen Rice are attempting to use her Congressional authority and the power of her office to have higher-ups in the Secret Service assist them in the cover up of the "fake-crimes prosecution scheme" utilized regarding an unsuspecting Marshalls victim. The fact Reissman is reaching out to US Secret Service attorneys in Washington DC headquarters, in the form Michael Becker & Chief Counsel Donna Cahill, says quite a lot that he's going to such extent to contact attorneys of the US Secret Service rather than the agents in charge of accessing the records that would otherwise prove whether any investigation ensued with respect to the alleged Marshalls case. A relatively insignificant crime, that was dismissed against the Plaintiff, has reached such a crisis level to necessitate the involvement of the Chief Counsel of the US Secret Service? Where does it end, with the US President's nomination of US District Judge Joseph F. Bianco to the 2nd Circuit Court of Appeals to reward him for averting a damaging trial exposing the criminal justice system and the judicial process as a complete charade designed to subjugate Blacks, Latinos and other nonwhites to "Slavery By Another Name" i.e., "The Prison Industrial Complex?" What has Magistrate Tomlinson garnered for clear bias and her Report And Recommendation in granting 'Probable Cause' where none exist, since the alleged Marshalls & Target crimes were nonexistent? The Defendants' plan, therefore, is to use corruption to influence bureaucrats to sanction Nassau County Defendant's illicit "Fake-Crimes Prosecution Scheme" utilized in the Marshalls and Target cases against the Plaintiff. It's obvious that protecting Rep. Kathleen Rice and the "Fake-Crimes Prosecution Scheme" of Nassau County is paramount for Defendants, since such revelations present a 'national security interest' nightmare, so much as it exposes the public to indisputable evidence of the existence of "Slavery By Another Name" through the government cover up of America's best kept secret, which is akin to Neo-Slavery and the illegal slavery plantation trials of the early 20th Century. See Bailey v. Alabama, 219 U.S. 219 (1911), was a United States

4

Supreme Court case that overturned the peonage laws of Alabama. The Supreme Court considered the validity of the Alabama state court's ruling that Alabama statute (§ 4730 of the Code of Alabama of 1896, as amended in 1903 and 1907) was constitutional.

As to the Dormancy of the case since October 2, 2017, a decision was made by the Defendants to set aside the current case to ensure that it wouldn't be compared with the alleged May 24, 2012 Target Department Store case, which bears striking similarities with the misconduct demonstrated in the current case and the Defendants' desire to rid themselves of the participation of Malek Harrison's uncle Patrick Harrison, which they were able to accomplish on May 30, 2019, with his illegal removal from the United States to Jamaica by using a falsified birth date and place of birth. See Civil Conference Minute Order, 10/2/17, paragraph 9, whereby the Defendants' intent to remove Plaintiff's uncle, Patrick Harrison, was made abundantly clear and the biased ruling of Magistrate Tomlinson acquiesced with their demands, ruling that Patrick Harrison could not aid his nephew and any attempt for him to do so would result in his removal from the deposition room, It was at that very moment the Defendant's aim became to remove Plaintiff's uncle from the country, "by any means necessary." On October 17, 2017, Plaintiff's uncle advised Attorney Reissman, by email, that Malek Harrison would be exercising his 5th Amendment Right if forced to participate in any forthcoming deposition. The case was shelved, in Plaintiff's opinion, to give Rep. Kathleen Rice the opportunity to utilize her Department of Homeland Security Chair of the Subcommittee on Border Security, Facilitation, and Operations to get his uncle out of the country illegally. She secured a position for her accomplice and former Nassau County District Attorney's Law Assistant, Carolyn Abdenour, who worked on Plaintiff's prosecution, a job, with US Citizenship & Immigration Services (USCIS), to obtain access to Patrick Harrison's file in order to manipulate information and to secure Mr. Harrison's removal from the country because of his efforts in Plaintiff's case that threatened to expose Rice, ADA Abdenour and the Defendantsand the "fake-crimes prosecution scheme" engaged in and the high probability that they would be charged criminally for her misconduct. Plaintiff's uncle filed a federal complaint against Rep. Kathleen Rice, October 26, 2018, namely Patrick R. Harrison v. Rep. Kathleen Rice , et.al. (18-cv-9913), after another USCIS

employee, M. Pardo-Figueroa, posed as an ICE agent, who was determined to ensure Mr. Harrison, a Cuban national would be removed, illegally to Jamaica, where he would be subject to a complicit and corrupt Jamaican consular authority who authorized an Emergency Passport depicting a manufactured date of birth and place of birth and without the required interview process to determine Mr. Harrison's nationality. As soon as Patrick Harrison was removed out of the United States and to Jamaica, May 30, 2019, Magistrate Tomlinson, miraculously, issued an Order on June 3, 2019, reviving the case that was, inexplicably, dormant since October 2, 2017. Plaintiff wrote to Judge Bianco numerous times prior and even sought the Magistrate's recusal, which was, summarily, disregarded and dismissed. Plaintiff also file a complaint against Magistrate Tomlinson, which was also dismissed. In fact, Judge Bianco's impromptu and unsupported nomination to the 2nd Circuit smacks of a payoff to ensure that Congresswoman's "Fake-Crimes Prosecution Scheme" is covered up to ensure the continued enslavement of innocent Blacks and nonwhites into "The Prison Industrial Complex." Magistrate Tomlinson's, unquestionably, biased participation in these two (2) cases all but guarantees Plaintiff will not be afforded a fair trial and her unchecked resilience in shrugging off Plaintiff's numerous complaints says much more about the legitimacy of the judicial process and the courts that the public needs to know about.

Plaintiff's decoding of Deputy County Attorney Reissman's directives to magistrate Tomlinson, 6/17/19 gives a clear indication to me he's letting her know that the Secret Service Agent Gerbino won't cooperate with Nassau County in admitting their fake Marshalls Crime occurred and that He's trying to get top officials, in the Service's, legal departments to either convince Agent Gerbino he won't lose his job or be prosecuted by lying on behalf of Nassau County.

> "Defendant Detective Ronald Rispoli claimed that US Secret Service Agent
> Joseph Gerbino determined that the nine $100 bills used by the plaintiff in the
>> Marshall's store on January 12, 2011 were counterfeit. Defendant's counsel
>> contacted the Secret Service by telephone on June3, 2019 and was advised in
>> subsequent telephone conferences that while Agent Gerbino has NO

6

RECOLLECTION of the transaction at issue, the Long Island branch office will endeavor to locate any relevant files or documents."

Dep. Atty Reissman went on further to state:

"On June 11th 2019 Secret Service attorney Michael Becker of the Washington headquarters advised defendant's counsel that he expects to furnish an affidavit once he concludes his investigation. On June 12th 2019 defendant's counsel wrote to the United States Secret Service Chief counsel Donna Cahill to request her assistance in obtaining an Affidavit suitable to the Court."

In other words, the Agent they claimed was involved said, like everyone else, he has no recollection of the incident, which has validated my argument that the crimes at Marshalls and Target never occurred! Now, Reissman and Rep. Kathleen Rice are attempting to use her Congressional authority and the power of her office to have higher-ups in the US Secret Service help cover up the "fake-crimes prosecution scheme" utilized regarding an unsuspecting and unbeknownst Marshalls victim. The fact Reissman is reaching out to US Secret Service attorneys in its Washington DC headquarters, suchas Michael Becker & Chief Counsel, Donna Cahill, says quite a lot that he's going to such extent to contact attorneys of the Secret Service rather than the agents in charge of accessing the records that would otherwise prove that an investigation ensued with respect to the alleged Marshalls case. Dep. Reissman is reaching out to the lawyers of the Secret Service, instead of the Agents in charge of accessing the records in June of 2019, 8 years after an alleged investigation! WHY? He knows those records does NOT exist & the ONLY ONES authorized to 'cook the books' is the upper echelon lawyers & directors in DC who might be inclined to take their 'marching orders' from a US House of Representative. Ask any rational person why a little case from Elmont, like Malek Harrison's Marshalls case, require the attention/fix from the Chief legal counsel in DC? Is Rep. Kathleen Rice and her cohorts trying to fix this case in the name of a "national security emergency," because of how the truth would impact the general public. Certainly, everyone would lose

confidence in the criminal justice system and the courts if it was made known how they're operating utilizing this "Fake-crimes Prosecution Scheme" and targeting or racial profiling, discriminatorily, while this"policing for profit" agenda is being used against minorities in this country and covered up by lawyers/judges and/or the Bar Association.

Plaintiff's experience, and that of his family's, in dealing with the criminal justice system, leaves him mistrustful of everyone associated with law enforcement, the judicial process, and the court, Your Honor not excluded. That is, despite the fact that you are an Obama-appointee, and Black like me, can we really expect fairness, considering what's at stake if a trial was to be allowed regarding the Defendants' use ofthe"Fake-Crimes Prosecution Scheme" by a Democratic United States Congresswoman and its political implications or fallout, not to mention, the ripple effect it would have nationwide, if the general public were to be made aware of the specifics of the scheme. The occurrence of such atrocities and what impact such misconduct and corruption has on the crime statistics, both locally and nationally, would ignite a firestorm the likes of which have never been seen before in this country. Likewise, how many more Malek Harrisons would emerge, if such a trial were to take place? Your assignment to this case, we hope, ensures justice, finally. An order to hold a well-deserved trial, would all but guarantee that Defendants and Plaintiff agree to sit down, at 'the negotiation-table', to engage in a confidential settlement agreement and to put this matter to rest once and for all. Atop Plaintiff's list of non-negotiable positions is that his uncle Patrick Harrison be returned, and be restored to his family in the United States, as a show of goodwill, on the part of the Defendants.

Respectfully Submitted,

_____

Malek Harrison, Pro se

242-19 135th Avenue

Rosedale, NY 11422

Tel: (516) 467-7666

FROM:

Harrison Burton
142-19 135th Ave
Rosedale NY 11422



TO:

Hon. LaShann DeArcy Hall
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

RECEIVED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 19 2019 ★
LONG ISLAND OFFICE


